# Censorship of Transmission of Trotzky Speech From Mexico

The Federal Communications Commission does not have statutory authority to censor the telephone transmission from Mexico into the United States of a speech by Leon Trotzky.

February 8, 1937

MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

Reference is made to your request of this date that I investigate the possible statutes relative to the proposed speech to be made tomorrow night in Mexico by Leon Trotzky and transmitted from that place to New York City by telephone.

There do not seem to be any statutes applicable to the situation. Sections 137 and 155 of title 8, U.S. Code, relate to certain seditious utterances, but these sections apply only to aliens. They provide for the exclusion of aliens known to entertain certain views on political questions and for the arrest and deportation of aliens who utter seditious statements after admission. They also provide for fine or imprisonment of such aliens if, after such arrest and deportation or after exclusion, they again attempt to enter the United States.

The Federal Communications Act gives no authority to the Federal Communications Commission to censor telephone communications. Section 326 of that Act, which relates to censorship of radio communications, is significant. That section reads:

> Nothing in this chapter shall be understood or construed to give the Commission the power of censorship over the radio communications or signals transmitted by any radio station, and no regulation or condition shall be promulgated or fixed by the Commission which shall interfere with the right of free speech by means of radio communication. No person within the jurisdiction of the United States shall utter any obscene, indecent, or profane language by means of radio communication.

47 U.S.C. § 326.

Section 33 of title 50, U.S. Code, makes it unlawful willfully to cause or attempt to cause insubordination, disloyalty, mutiny, or refusal of duty in the military or naval forces of the United States, or to obstruct the recruiting or enlistment service of the United States to the injury of the service of the United States, and section 34 of said title makes a conspiracy to violate the provisions of section 33 unlawful; but these sections apply only when the United States is at war.

The nearest approach to the subject of any statute that I have been able to find is that of section 4 of title 18, U.S. Code, which provides:

> Whoever *incites*, sets on foot, *assists*, or engages in any rebellion or insurrection against the authority of the United States or the laws thereof, or gives aid or comfort thereto, shall be imprisoned not more than ten years or fined not more than $10,000, or both . . . .

(Emphasis supplied.)

If this section is applicable, those who assist in the transmission and delivery of the speech in New York City would probably be guilty of violating it. I am of the opinion, however, that it is not applicable to the present situation, as it is not probable that the speech will incite to rebellion or insurrection.

There would seem to be a field here in which the privilege of free speech may be abused, but apparently there is no present statute prohibiting such abuse. Until such time as Congress shall see fit to enact legislation on the subject, it would seem that the only remedy available is through diplomatic relations with the country from which the abuse emanates.

GOLDEN W. BELL
*Assistant Solicitor General*